# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1278V

| | |
|---|---|
| LAURIE POWELL, | UNPUBLISHED |
| Petitioner, | |
| v. | Special Master Katherine E. Oler |
| SECRETARY OF HEALTH AND HUM. SERVICES, | Filed: December 3, 2020 |
| | Interim Attorneys' Fees and Costs |
| Respondent. | |

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
*Heather Pearlman*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 5, 2016, Laurie Powell ("Ms. Powell" or "Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program") alleging that she suffered a severe adverse reaction from the influenza ("flu") vaccination she received on September 25, 2015. Pet. at 1, ECF No. 1.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I intend to post this Decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

1

On May 15, 2020, Petitioner filed an application for interim attorneys' fees requesting $48,608.50 in attorneys' fees and $5,989.75 in costs, for a total of **$54,598.25**. Fees App. at 4, ECF No. 5. On May 27, 2020, Respondent filed a response stating it is within my discretion to award interim attorneys' fees and costs. Fees Resp., ECF No. 56. Respondent "defers to [me] to determine whether or not petitioner here has met the legal standard for interim fees and costs award." *Id.* at 2-3.

For the reasons discussed below, I hereby **GRANT IN PART** Petitioner's application and award a total of $**49,675.25** in interim attorneys' fees and costs.

### I.     Legal Standard

#### A.  *Interim Attorneys' Fees and Costs*

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012).

#### B.  *Good Faith*

2

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C. *Reasonable Basis*

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id. at 286*. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290. *See also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient

3

evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018).  Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1).  Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors.  The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289.  This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II.   Discussion

### A. *Undue Financial Hardship*

The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by petitioner's counsel. *Kirk*, 2013 WL 775396, at *2 (finding "the general principle underlying an award of interim fees was clear: avoid working a substantial financial hardship on petitioners and their counsel.").  As her Interim Motion points out, by the time post-hearing briefing concluded in this case, Petitioner, and her counsel have been litigating this claim for nearly four years.  Fees App. at 3.

I also note that the COVID-19 pandemic has had a significant impact on the United States economy and such impact has been recognized by this court. *See Monge-Landry v. Sec'y of Health & Hum. Servs*, No. 14-853V, 2020 U.S. Claims LEXIS 1250 at *14-15 (Fed. Cl. Spec. Mstr. Jun. 30, 2020) (recognizing the COVID-19 pandemic's continued disruption of the airline industry in its calculation of appropriate interim fees).  Given these unprecedented economic circumstances, and the time already spent litigating this case, I find that the Petitioner would suffer undue hardship in the absence of a second award of attorneys' fees and costs.

### B. *Good Faith and Reasonable Basis*

Respondent has not raised any specific objection to the good faith or reasonable basis for this claim and leaves such a determination to my discretion. *See* Fees Resp.  I find that the petition was filed in good faith.

As discussed above, the threshold for reasonable basis is a much lower standard than the burden to prove entitlement to compensation by preponderant evidence.  In making a reasonable basis determination, I must look at a totality of circumstances, taking into account the factual basis

4

for the claim, and the medical and scientific support offered.  Petitioner has filed an extensive amount of medical records.  *See* Exs. 2-29.  Furthermore, Petitioner has submitted two expert reports from Dr. Schofield.  Exs. 30, 50.  Dr. Schofield, in addition to being Petitioner's treating physician, is board certified in internal medicine and has numerous publications to her name.  *See generally* Ex. 31.  With the medical records and expert reports provided, such evidence is sufficient to justify the filing of this Petition.  I therefore find the Petition was filed with reasonable basis.

As there is no other reason to deny the award of interim attorneys' fees and costs, I will award Petitioner's reasonable fees and costs in this instance.

### C.  *Attorneys' Fees*

Petitioner requests a total of $48,608.50 in attorneys' fees.  Fees App. at 4.

#### i.  *Reasonable Hourly Rate*

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11).  In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience.  *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Petitioner's counsel, Mr. Andrew Downing, requests to be compensated between $350.00 and $385.00 per hour for work performed from 2015-2020 and Courtney Van Cott requests to be compensated between $195.00 and $275.00.  *See* Fees App., Ex. A at 43-44.  Mr. Downing's and Ms. Van Cott's requested rates are consistent with *McCulloch* and with what both attorneys have been previously awarded in the Program.  *See, e.g.*, *Olschansky v. Sec'y of Health & Hum. Servs.*, No. 17-1096, 2020 WL 1027681 at *2 (Fed. Cl. Spec. Mstr. Feb. 21, 2020); *Butler v. Sec'y of*

---

[3] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.
The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

*Health & Hum. Servs.*, No. 16-1027V, 2019 WL 1716073, at *2 (Fed. Cl. Spec. Mstr. Mar. 20, 2019); *Carey on behalf of C.C. v. Sec'y of Health & Hum. Servs.*, No. 16-828V, 2018 WL 1559805, at *6 (Fed. Cl. Spec. Mstr. Feb. 26, 2018); *Bales on behalf of J.B.A. v. Sec'y of Health & Hum. Servs.*, No. 15-882V, 2017 WL 2243094, at *3-4 (Fed. Cl. Spec. Mstr. Apr. 26, 2017). Petitioner also requests an hourly rate between $100.00 and $135.00 per hour for work done by paralegals from 2017-2020.

These rates are consistent with such work previously awarded in the Program. Accordingly, I find the requested rates reasonable and that no adjustment is warranted.

    ii.  *Hours Reasonably Expended*

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at *26.

Petitioner's counsel has provided a breakdown of hours billed and costs incurred. Fees App., Ex. A. I find the hours to be largely reasonable, however I find a small reduction is appropriate for excessive time billed by for administrative tasks, such as organizing/updating files, preparing files for filing with the court, reviewing CM/ECF notifications, and processing payment for medical record requests. In addition, several entries appear to be duplicative or concern inter-office communications. Mr. Downing has been warned previously about these billing practices. *See, e.g., Olschansky v. Sec'y of Health & Hum. Servs.*, No. 17-1096, 2020 WL 1027681 at *2 (Fed. Cl. Spec. Mstr. Feb. 21, 2020); *Goff v. Sec'y of Health & Hum. Servs.*, No. 17-259V, 2019 WL 3409976, at *4 (Fed. Cl. Spec. Mstr. Ma r. 29, 2019); *Sheridan v. Sec'y of Health & Hum. Servs.*, No. 17-669V, 2019 WL 948371, at *3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); *Moran v. Sec'y of Health & Hum. Servs.*, No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019). Accordingly, I will deduct 0.7 hours for entries billed by Mr. Downing.[4] 1.5 hours for entries billed by Ms. Van Cott,[5] and 11.3 hours for entries billed by timekeeper DPA (4.7 hours prior to January 1, 2017 + 6.6 hours after January 1, 2017).[6] This leads to a reduction of $267.50

---

[4] *See* entries on 12/6/2017 (0.2 hours) and 8/19/2019 (0.5 hours).

[5] *See* entries on 9/28/2016 (1.3 hours), 6/7/2019 (0.1 hours) and 7/22/2019 (0.1 hours).

[6] *See* entries on 6/28/2016 (0.2 hours), 6/29/2016 (0.2 hours), 6/30/2016 (0.2 hours), 71/2016 (0.2 hours), 7/5/2016 (0.7 hours), 7/6/2016 (0.3 hours), 7/12/2016 (0.3 hours), 10/7/2016 (two entries totaling 0.5

for entries billed by Mr. Downing, $294.50 for entries billed by Ms. Van Cott, and $1,361.00 for entries billed by timekeeper DPA, for a total reduction of $1,923.00.

Total attorneys' fees to be awarded: **$46,685.50.**

### D. *Reasonable Costs*

Petitioner requests a total of $5,989.75 in costs, which includes obtaining medical records, medical literature, postage costs, the Court's filing fee, and expert report fees. Fees App., Ex. A. at 41-43.

#### i. *Petitioner's expert costs*

Petitioner requests $4,750.00 for costs related to expert Jill Schofield.[7] Dr. Schofield billed $1,750.00 for her preparation of her first expert report at a rate of $350.00 per hour. Fees App., Ex. A. at 65. Dr. Schofield has been previously awarded her requested rate and I see no reason to disturb this request. *See Walker v. Sec'y of Health & Hum. Servs.*, No. 16-543V, 2019 U.S. Claims LEXIS 2103 at *9 (Fed. Cl. Spec. Mstr. Dec. 2, 2019); *see also Dalton v. Sec'y of Health & Hum. Servs.*, 15-1465V, 2019 U.S. LEXIS 109 at *6-*7 (Fed. Cl. Spec. Mstr. Jan. 30, 2019). While in the future, Dr. Schofield should provide a more detailed breakdown of the time spent on a report, I find the time she billed preparing this report to be reasonable. I therefore award expert costs related to this report in full.

Petitioner requests $3,000.00 for costs related to Dr. Schofield's second report. Fees App. Ex. A at 66. Petitioner has not provided a rate for Dr. Schofield's work on this report, nor a breakdown of how many hours were spent preparing this report. Accordingly, I will defer costs related to this report until Petitioner provides such information.

#### ii. *Miscellaneous costs*

Petitioner requests $1,239.75 in other miscellaneous costs. I have reviewed all miscellaneous costs for which compensation is requested as well as the supporting documentation. I note that documentation regarding postage was not provided, other than a notation on the corresponding medical records payment. These postage expenditures parallel the United States postage prices throughout the years and do not seem unreasonable. *See, e.g.*, Fees App. Ex. A at 69. Thus, I award Petitioner's requested costs in full.

---

hours), 10/25/2016 (0.3 hours), 10/27/2016 (two entries totaling 0.9 hours), 11/17/2016 (0.3 hours), 12/8/2016 (0.3 hours), 12/9/2016 (0.3 hours), 3/13/2017 (0.3 hours), 3/24/2017 (two entries totaling 2.1 hours), 4/26/20219 (0.2 hours), 4/29/2019 (three entries totaling 0.8 hours), 4/30/2019 (two entries totaling 0.5 hours), 5/29/2019 (three entries totaling 0.9 hours), 5/3/2019 (0.2 hours), 6/6/2019 (two entries totaling 0.6 hours), 6/20/2019 (0.2 hours), 8/20/2019 (0.2 hours), 12/20/2019 (0.2 hours), 3/26/2020 (0.2 hours), and 4/29/2020 (0.2 hours).

[7] Although one expert payment is directly to Dr. Schofield, the second appears to be to the Center for Multisystem Disease. However, the rebuttal expert report was submitted by Dr. Schofield.

Total costs to be awarded: **$2,989.75.**

### III. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT IN PART** Petitioner's application, as follows:

A lump sum in the amount of **$49,675.25**, representing reimbursement of Petitioner's interim attorneys' fees and costs in the form of a check jointly payable to Petitioner and her attorney, Andrew Downing.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[8]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[8] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).